(89 App. Div. 330.)

McCALL CO. v. EAGAN.

(Supreme Court, Appellate Division, Second Department. December 30. 1903.)

1. SALES—CONTRACT—CONSTRUCTION.

A contract for the sale of dress patterns provided that all patterns purchased by defendant which plaintiff should report as discarded could be returned in exchange for other patterns, and that plaintiff guarantied that, if at the end of two years the result of the business showed a loss to defendant, plaintiff would on demand and receipt of patterns within 30 days after the expiration of such two years pay defendant such loss in cash, provided all the terms of the contract had been complied with; but the contract contained no other provision for the return of any patterns sold or to be sold to the defendant. *Held,* that the contract did not require that defendant should return all patterns on hand at the end of such two-years period as a condition precedent to his right to enforce the guaranty.

2. SAME.

Where a contract for the sale of dress patterns required defendant to reorder patterns as sold, and provided for the return of patterns discarded by defendant in exchange for others, and contained a guaranty by plaintiff against loss, and after termination of the contract plaintiff admitted that defendant had sustained a loss under the contract, but

contended that defendant was not entitled to enforce the guaranty by reason of his failure to reorder patterns as sold, plaintiff could not thereafter claim that the guaranty was unenforceable by reason of defendant's failure to return patterns on hand at the termination of the contract.

Appeal from Trial Term, Orange County.

Action by the McCall Company against John B. Eagan. From a judgment in favor of defendant, and from an order denying plaintiff's motion for a new trial, it appeals. Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Joseph Rosch, Jr., for appellant.
William A. Parshall, for respondent.

HIRSCHBERG, J. The verdict of the jury was in favor of the plaintiff, but, the amount being less than $50, the defendant has entered judgment for taxable costs and disbursements, after deducting the amount of the verdict with interest.

The parties entered into an agreement, partly printed and partly written, apparently on a printed form prepared by the plaintiff, which agreement is dated February 16, 1899. By its terms the contract was to remain in force for two years from date, and thereafter until the expiration of 60 days' notice given by either party in writing. On May 9, 1901, the defendant gave to the plaintiff a written notice of termination of the contract, to which the plaintiff replied in writing, under date of May 21, 1901, saying:

"Your favor of the 9th inst. duly received. We accept it as the sixty days' notice that you desire to terminate your contract, and, therefore, shall not make any shipments after the 8th of July next."

The contract, in so far as is material to the issues, provided for sales of dress patterns by the plaintiff to the defendant in stipulated monthly shipments at fixed prices. The defendant agreed to sell none but the plaintiff's patterns, and to keep and offer those for sale on the main floor of his place of business. He further agreed to reorder once each week, or oftener, all patterns sold by him, so as to keep a constant supply on hand equal to his original purchases. He further agreed not to sell the patterns for less than the catalogue retail prices. The agreement further provided that all patterns purchased by the defendant which the plaintiff should report as "discarded" by it semiannually—January and July—could be returned by the defendant, within 60 days from the date of the discard report, at half cost price, in exchange for other patterns at cost price. There is no other provision for the return of any of the patterns sold or to be sold to the defendant. The agreement ended with a "guaranty against loss" in the following terms, the words "we" and "us" referring to the defendant, viz.:

"The McCall Company guaranties that if, at the end of two years from date, the result of the business shows a loss in the sale of patterns—that is, if we have paid them more money for patterns than we have received for patterns—they will, upon demand made by us and receipt of the patterns within thirty days after the expiration of such two years, pay us such loss in cash, provided all the terms of this contract have been fully complied with."

The defendant claimed to have sustained a loss within the meaning of the guaranty at the end of the two years, viz., on February 15, 1901, and, after some delay in procuring an adjustment of the extent of it, finally elicited from the plaintiff, under date of March 28, 1901, a communication inclosing a statement of the defendant's loss as figured by the plaintiff, and stating that:

"We herewith inclose a statement, dated February 15th, showing your purchases and sales to that date, and by which it appears that you have sustained a loss of $111.65."

There was no real dispute upon the trial in relation to the accounts between the parties. Nothing developed on the trial to impeach the accuracy of the adjustment of the defendant's loss, and the main contention on this appeal arises from the fact that the learned County Court, in a charge which was certainly as favorable to the plaintiff as the plaintiff was entitled to, permitted the jury to allow the defendant on his conceded indebtedness to the plaintiff the amount of the adjusted loss. The plaintiff insists that the defendant was not entitled to the benefit of the adjustment, because he neither returned nor offered to return the patterns which he had paid for and which he had on hand on July 8, 1901, when the contract terminated, and claims that the provision in the guaranty referring to "receipt of the patterns" is equivalent to an agreement on the defendant's part to return all patterns which he may have on hand, if he claim the right to enforce the guaranty. It is obvious that whatever may be the meaning, if any, of the words quoted, they are not susceptible of bearing the defendant's construction. The guaranty does not purport to insure the defendant against loss during the life of the contract, but only for the period of two years. The contract is to continue by its terms for two years, and thereafter until terminated by notice. The contract might continue in fact a great number of years, but the engagement of the plaintiff to pay loss is expressly limited to the result of the business of the first two years. It is further to be noted that the loss to be paid is not the actual loss sustained; that is, it is not a loss which is to be qualified in any way by the value of unsold patterns which the defendant may then have on hand, but is a loss to be arbitrarily fixed by ascertaining the difference between the sums which the defendant shall then have paid and received for patterns, wholly irrespective of the future business dealings of the parties. The plaintiff so understood it. In June, 1901, the month after the notice to terminate the contract had been received, it sent the defendant a statement of account, without allowing the adjusted loss as a credit, and, on attention being called to the omission, wrote:

"You state that you believe there is a credit due you as per our letter of March 28th, and desire corrected statement. It is quite true we wrote you March 28th that it appeared you had sustained a loss of $111.65, and we again repeat that it appeared you had sustained a loss, but we do not believe you are entitled to any credit on account, as our records show you did not reorder patterns as sold."

The evidence fairly establishes that the defendant did reorder patterns as sold, but the significance of this communication consists in the fact that the only excuse which the plaintiff could offer for not

abiding by the guaranty was a pretense in relation to reorders (which are certainly not connected with the guaranty in any way), and that no suggestion was made that a return by the defendant of the patterns he had on hand was a condition precedent to the enforcement of the claim.   Moreover, the plaintiff, as late as August, 1901, offered in writing to buy from the defendant all the "good, live patterns" which he then had on hand, which offer finally failed only for want of an inventory.   The inconsistency between such an offer and the present claim that the patterns belonged to the plaintiff is too obvious to require comment.

The other questions presented do not require discussion.   The case was tried with the utmost solicitude for the rights of the plaintiff, the result is in accordance with the requirements of the proof, and the judgment and order should be affirmed.

Judgment and order of the County Court of Orange County affirmed, with costs.   All concur.